UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| In re: | ] | |
| COMMON SENSE MEDIA, LLC, | ] | Case No. 13-129 |
|  | ] | (Chapter 7) |
| Debtor. | ] | |
|  | ] | |
| BRYAN S. ROSS, TRUSTEE, | ] | |
| Plaintiff, | ] | |
| v. | ] | Adv. Proc. No. _____ |
| JANE HAMSHER, et al., | ] | |
| Defendants. | ] | |

# **COMPLAINT**

TO THE HONORABLE S. MARTIN TEEL, JR., BANKRUPTCY JUDGE:

COMES NOW Bryan S. Ross, Chapter 7 Trustee ("Plaintiff"), by and through his undersigned attorneys, and as his Complaint respectfully represent as follows:

## **JURISDICTION**

1. This Court has subject matter jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§1334, 157 and 11 U.S.C. §§541, 544, 548, and 550.

2. This is a core proceeding within the meaning of 28 U.S.C. §157(a)(2)(A) and (O). If and to the extent that any part, portion or aspect of this Adversary Proceeding is beyond the subject matter jurisdiction of this Court, and to the extent it is constitutionally permissible to

1

confer jurisdiction upon this Court by consent, the Trustee hereby grants such consent to the subject matter jurisdiction of this Court, and to the Court's entry of final orders, judgments and decrees, reviewable on appeal only, to the United States District Court for the District of Columbia.

## VENUE

3. Venue of this Adversary Proceeding is proper in this District under 28 U.S.C. §1412.

## PARTIES

4. The Plaintiff is the duly appointed, qualified and serving trustee of the Chapter 7 estate of Common Sense Media, LLC ("Debtor"), which is a debtor in the above-captioned administrative case.

5. On information and belief, defendant Jane Hamsher is an individual residing within the District of Columbia, over whom this Court may exercise personal jurisdiction without offending notions of procedural due process; Defendant Jane Hamsher is also a principal of the Debtor, as well as a principal in other of the defendant entities, and, at all relevant times, controlled the financial affairs of the Debtor and said other entities.

6. Corporation X, on information and belief, is a corporation conducting business within the District of Columbia, over whom this Court may exercise personal jurisdiction without offending notions of procedural due process.

7. Corporation Y, on information and belief, is a corporation conducting business within the District of Columbia, over whom this Court may exercise personal jurisdiction without offending notions of procedural due process.

8. Corporation Z, on information and belief, is a corporation conducting business within the District of Columbia, over whom this Court may exercise personal jurisdiction without offending notions of procedural due process.

## BACKGROUND FACTS

9. The underlying administrative case of the Debtor was filed on March 5, 2013, when the Debtor filed its voluntary petition under Chapter 7 of the Bankruptcy Code, 11 U.S.C. §101, et seq.

10. Prior to the commencement of the Debtor's bankruptcy case, the Debtor was engaged in the business of brokering Internet-based advertising, through "campaigns" or in other forms or packages. Prospective clients would pay the Debtor a sum of money based on the number of "hits" an Internet ad received by virtue of the Debtor's marketing strategy. Campaigns or other packages of promotional marketing could run for a period of days, weeks, months or longer, depending on the marketing goals of the customers and the continued market penetration and visibility of the Internet-based sites at which advertisements were placed.

11. During the period preceding the filing of the Debtor's bankruptcy case, but within one (1) year prior thereto, the Debtor began diverting customers to other entities under the control and direction, if not total or majority ownership, of Defendant Jane Hamsher, including, without limitation, Defendant Corporations X, Y and Z.

12. The diversion of customers by the Debtor was done through Defendant Hamsher, acting in her capacity as majority shareholder, officer and director of the Debtor; at the time of the diversions of customer opportunities, there existed minority shareholders in the Debtor.

13. The diversion of customers occurred when the Debtor was insolvent, or rendered the

3

Debtor insolvent.

14. The value to the Debtor of the customer opportunities wrongfully diverted to other entities, including, without limitation, Defendant Corporations X, Y and Z, is substantial, and the Debtor received no consideration in exchange for the transfer to said other entities of the corporate opportunities presented by the customers so diverted.

15. The diversion of customer opportunities proximately caused foreseeable damage to the Debtor.

16. Within one (1) year prior to the filing of the Debtor's bankruptcy petition, Defendant Hamsher caused $60,000 of funds belonging to the Debtor to be transferred to her, ostensibly as an advance on her compensation, a loan, or some other financial accommodation.

17. The transfer to Defendant Hamsher of said $60,000 was not identified in the financial records of Defendant Hamsher as compensation.

18. In 2014, the Plaintiff made demand on Defendant Hamsher, through counsel for the Debtor, for the return and disgorgement of said $60,000, which demand was wrongfully and improperly refused by Defendant Hamsher.

19. Defendant Hamsher received said $60,000, or the benefit of the transfer of said $60,000, as to which she is the mediate or ultimate transferee.

### FIRST CAUSE OF ACTION – USURPATION OF CORPORATE OPPORTUNITY

20. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

21. Defendant Hamsher was a majority shareholder, officer and director of the Debtor

22. Defendant Hamsher knowingly, willfully and intentionally misappropriated business opportunities that properly belonged to the Debtor, namely the opportunities to continue

rendering services to its existing and new customers.

23. The Debtor had a legitimate interest and expectancy in the misappropriated business opportunities.

24. The Debtor had the financial resources to take advantage of the misappropriated business opportunities.

25. As a result of her tortious usurpation of the Debtor's business opportunity, all Defendants have reaped financial benefits, to the financial detriment of the Debtor.

26. As a direct, proximate and foreseeable result of Defendant Hamsher's usurpation of these business opportunities, the Debtor has suffered commercial damage in the form of lost sales, revenues and profits.

27. Defendant Hamsher performed these actions willfully, intentionally and with malice, warranting the imposition of exemplary damages.

## **SECOND CAUSE OF ACTION – BREACH OF FIDUCIARY DUTY**

28. The Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

29. As an officer and director of the Debtor, Defendant Hamsher owed certain fiduciary duties of full disclosure; fair, honest dealing; candor; care; trust and loyalty and utmost good faith to the Debtor.

30. Because the Debtor was insolvent at the time of, or was rendered insolvent by virtue of, the diversion of corporate opportunities by Defendant Hamsher to Defendant Corporations X, Y and Z, Defendant Hamsher owed fiduciary duties to the creditors of the Debtor in existence at the time of said diversions of corporate opportunities.

31. The failure of Defendant Hamsher to act in the best interest of the Debtor and the creditors of the Debtor in performing her fiduciary duties breached those fiduciary duties.

32. The Debtor has suffered significant damages as a result of the actions of Defendant Hamsher in breach of her fiduciary duties.

33. Defendant Hamsher performed these actions willfully, intentionally and with malice, warranting the imposition of exemplary damages.

### THIRD CAUSE OF ACTION – TORTIOUS INTERFERENCE WITH EXISTING BUSINESS RELATIONSHIPS

34. The Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

35. The conduct of Defendant Hamsher as described herein was done willfully and intentionally in order to interfere with valid, enforceable contracts between the Debtor and others.

36. The result of Defendant Hamsher's intentional and tortious interference with the Debtor's existing business relationships is the direct, proximate and foreseeable cause of commercial damage to the Debtor.

37. By reason of the foregoing, the Plaintiff is entitled to recover the damage that Defendants have caused. In addition, Defendant Hamsher's actions warrant the imposition of exemplary damages because they were willful, intentional and performed with malice.

### FOURTH CAUSE OF ACTION – TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONSHIPS

38. The Plaintiff repeats and realleges the preceding paragraphs as if fully set forth

6

herein.

39.  There was a reasonable probability that the Debtor would have entered into business relationships with others with respect to the prospective lines of businesses described herein.

40.  Defendant Hamsher performed the conduct described herein willfully and intentionally in order to interfere with these prospective business relationships between the Debtor and others.

41.  Defendant Hamsher's conduct, as described herein, was independently tortious or wrongful.

42. The direct, proximate and foreseeable result of Defendant Hamsher's intentional and tortious interference with prospective business relationships between the Debtor and others is the proximate cause of commercial damage to the Debtor.

43.  By reason of the foregoing, the Plaintiff is entitled to recover the damage that Defendant Hamsher caused.  In addition, Defendant Hamsher's actions warrant the imposition of exemplary damages because they were willful, intentional and performed with malice.

### FIFTH CAUSE OF ACTION – FRAUDULENT CONVEYANCE UNDER 11 U.S.C. §548

44.  The Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

45.  The conveyances of corporate opportunities of the Debtor to Defendant Corporations X, Y and Z were made while the Debtor was insolvent or rendered the Debtor insolvent.

46.  The conveyances of corporate opportunities of the Debtor to Defendant Corporations X, Y and Z were made in exchange for inadequate, worthless or no consideration.

47.  The conveyances of corporate opportunities of the Debtor to Defendant Corporations

X, Y and Z were made with the intent and for the purpose of hindering, delaying and defrauding the creditors of the Debtor.

48. Defendant Corporations X, Y and Z were the immediate transferees of the conveyances of the corporate opportunities of the Debtor.

### SIXTH CAUSE OF ACTION – FRAUDULENT CONVEYANCE
### UNDER D.C. CODE ANN. § 28-3104, et seq.

49. The Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

50. The conveyances of corporate opportunities of the Debtor to Defendant Corporations X, Y and Z were made while the Debtor was insolvent or rendered the Debtor insolvent.

51. The conveyances of corporate opportunities of the Debtor to Defendant Corporations X, Y and Z were made in exchange for inadequate, worthless or no consideration.

52. The conveyances of corporate opportunities of the Debtor to Defendant Corporations X, Y and Z were made with the intent and for the purpose of hindering, delaying and defrauding the creditors of the Debtor.

53. Defendant Corporations X, Y and Z were the immediate transferees of the conveyances of the corporate opportunities of the Debtor.

### SEVENTH CAUSE OF ACTION – FRAUDULENT CONVEYANCE
### UNDER 11 U.S.C. §548

54. The Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

55. The transfer of $60,000 to Defendant Hamsher was made while the Debtor was

insolvent or rendered the Debtor insolvent.

56. The transfer of $60,000 to Defendant Hamsher was made in exchange for inadequate, worthless or no consideration.

57. The transfer of $60,000 to Defendant Hamsher was made with the intent and for the purpose of hindering, delaying and defrauding the creditors of the Debtor.

58. Defendant Hamsher was the immediate transferees of the $60,000 of the Debtor's funds.

WHEREFORE, the Plaintiff respectfully requests that the Court enter judgment as follows:

1. As to the First through Sixth Counts hereinabove, in an amount to which the Plaintiff may show itself entitled at trial;

2. As to the First through Sixth Counts hereinabove, exemplary damages in an amount sufficient to deter the Defendants from repeating the conduct of which the Plaintiff complains;

3. Directing the Defendant to account for all sums received as a result of the diversions of corporate opportunities of the Debtor;

4. Imposing a constructive trust on the assets of the Defendants to the extent of the profits derived from the diverted corporate opportunities of the Debtor;

5. As to the Seventh Count, in the amount of $60,000 plus interest from the date of demand;

6. Awarding the Plaintiff its costs of this litigation and reimbursement of its reasonable legal fees; and

7. Granting such other and further relief as is just and proper.

Dated: April 17, 2014 Respectfully submitted,

   */S/ Jeffrey M. Sherman*
Jeffrey M. Sherman, DC Bar No. 348896
LAW OFFICES OF JEFFREY M. SHERMAN
1600 N. Oak Street #1826
Arlington, VA 22209
(703) 855-7394
jeffreymsherman@gmail.com
Attorneys for the Trustee